UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ABRAHAM MOJICA GARCIA, | ) | |
| Institutional ID No. 64184-308, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:15-CV-040-BG |
| GILES W. DALBY'S CF, *et al.*, | ) | ECF |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.    Procedural History**

Plaintiff Abraham Mojica Garcia filed this civil rights action *in forma pauperis* on February 17, 2015, complaining of events that occurred during his incarceration at the Giles W. Dalby Correctional Facility (Dalby Facility), a private correctional facility operated by Management Training Corporation pursuant to a contract with the Federal Bureau of Prisons (BOP).

The United States District Court reassigned this case on April 10, 2015, to the undersigned United States Magistrate Judge for further proceedings.  According to a notice from Dalby Facility, Garcia was released to the Bureau of Immigration and Customs Enforcement on May 11, 2015.  *See* ECF No. 20.  Garcia's address was updated to a location in California, and thereafter, the undersigned entered an order to complete a questionnaire pursuant to *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976); however, Garcia has not completed and returned the questionnaire.  He has not consented to proceed before the undersigned magistrate judge.  Therefore, pursuant to the order of transfer, the undersigned enters this report and recommendation.

**II.      Recommendation**

A district court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). It is, therefore, recommended that the United States District Court dismiss Garcia's Complaint for want of prosecution.

**III.     Right to Object**

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2015); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:   November 4, 2015.

*[signature]*
NANCY M. KOENIG
United States Magistrate Judge